ANTHONY MARANO COMPANY, Plaintiff v. PHILLIP C. JONES AND MICHELLE M. JONES, Defendants, AND PAUL L. BITTER AND SANDRA L. BITTER, Intervening-Defendants

No. COA03-367

(Filed 6 July 2004)

## 1. Mortgages and Deeds of Trust— novation—modification of obligation

A de novo review revealed that the trial court did not err by finding that a second note from defendant to plaintiff did not extinguish the original debt secured by the mortgage, because the execution of the second note was not a novation as to the earlier debt, although it is undisputed that the parties agreed to modify the obligation, when there was no evidence of a clear intent among the parties that the second note be substituted for the original obligation such that the original obligation was extinguished.

## 2. Creditors and Debtors— application of payment—discretion of creditor

A de novo review revealed that the trial court did not err by entering judgment for plaintiff company in an action to foreclose a mortgage even though defendants contend plaintiff improperly applied payments by defendant and his companies to reduce other debts owed by defendant and his companies, because there was no evidence in the record that defendant ever specified the debts to which payments were to be credited, and thus, the application of payments was in the discretion of plaintiff company.

Appeal by intervenors from judgment entered 28 October 2002 by Judge James W. Morgan in Cleveland County Superior Court. Heard in the Court of Appeals 3 December 2003.

*R. Keith Johnson, P.A., by R. Keith Johnson, for the plaintiff-appellee.*

*Hamilton, Gaskins, Fay, & Moon, P.L.L.C., by Jackson N. Steele and Mark R. Kutny, for the intervenor-appellants.*

ELMORE, Judge.

To secure a debt, Phillip Jones (defendant) executed a mortgage in favor of Anthony Marano Company (appellee) on certain real property in Cleveland County, North Carolina (the property) on 16 June 1992. The mortgage was recorded in the Cleveland County Registry on 25 June 1992. On 21 October 1993, defendant and appellee executed a demand note (second note), changing the terms of the original debt obligation by reducing the interest rate. As of our hearing of this case, the mortgage remained unpaid.

On 16 August 1996, Paul and Sandra Bitter (appellants) obtained a judgment against defendant in the Court of Common Pleas of Ottawa County, Ohio. On 10 January 1997, appellants docketed the Ohio judgment against defendant in Cleveland County, North Carolina, thereby placing a lien on the property to satisfy the judgment.

On 28 April 2000, appellee filed suit against defendant to foreclose the mortgage on the property in Cleveland County Superior Court to satisfy the debt. Appellants, claiming to have a superior interest in the property, filed a motion to intervene in the case, their motion was granted. After a non-jury trial, the Honorable James W. Morgan entered judgment in favor of appellees and ordered that the property be sold to satisfy the defendant's unpaid debt to the appellees. From this order, appellants appeal. For the reasons stated herein, we affirm.

[1] Appellants' first assignment of error is that the trial court erred in finding the second note from defendant to appellee did not extinguish the original debt secured by the mortgage. In essence, appellant argues that a novation occurred when appellee and defendant executed the second note.

It is well settled that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evi-

dence to support the trial court's findings of fact and whether the conclusions of law were proper in light of such facts. *Chemical Realty Corp. v. Home Fed'l Savings & Loan*, 84 N.C. App. 27, 351 S.E.2d 786 (1987). A trial court's conclusions of law, however, are reviewable *de novo. Wright v. Auto Sales, Inc.*, 72 N.C. App. 449, 325 S.E.2d 493 (1985). In the case *sub judice*, the trial court made the following findings of fact relative to the absence of a novation:

10. The note dated 15 June 92 was not paid on its due date, and subsequent thereto, on 21 October 93 [defendant] executed a note for $450,000 payable to Marano, on demand, to acknowledge and renew the obligation that was unpaid, that was secured by the mortgage identified above.

11. No new funds were advanced to [defendant] as a result of the note dated 21 October 93, as said note simply acknowledged the existing obligation owed to [appellee] by [defendant].

12. The debt owed by [defendant] to [appellee] secured by the property in Cleveland County was not intended to be extinguished by [defendant] and [appellee].

Our review of the record in this case reveals that there is competent evidence to support these findings of fact. In fact, there is no evidence in the record to support appellant's contention that the second note was intended by the parties to extinguish the original obligation secured by the mortgage. We are therefore bound by these findings. The following conclusions of law were therefore proper in light of the findings of fact:

1. The execution of the note on 21 October 93 by [defendant] was not a novation as to the earlier debt created on 16 June 92, but instead was a restatement and acknowledgment of that debt which, in effect, extended the maturity date of the obligation. It was not intended by [defendant] and [appellee] to extinguish the previous debt, nor was the mortgage securing said obligation canceled. Consequently, there was no novation upon execution of the note on 21 October 93, and the obligation which arose on 16 June 92 continued through that date and continues to the date of this order.

. . .

3. The obligation of [defendant] to [appellee] secured by the mortgage was not extinguished by payments from [defendant] to

[appellee] on other debts and obligations, and the note dated 16 June 92, as restated in the note dated 21 October 93 was not extinguished or paid, and is a continuing obligation.

*De novo* review of this issue requires us to consider the question anew, as if not previously considered or decided. *Raleigh Rescue Mission, Inc. v. Board of Adjust. of City of Raleigh (In re Appeal of Soc'y for Pres. of Historic Oakwood)*, 153 N.C. App. 737, 740, 571 S.E.2d 588, 590 (2002). " 'The essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract, and the validity of the new contract.' . . . 'Ordinarily . . . in order to constitute a novation the transaction must have been so intended by the parties.' " *Tomberlin v. Long*, 250 N.C. 640, 644, 109 S.E.2d 365, 368 (1959) (citations omitted). Although it is undisputed that the parties agreed to modify the obligation, there is no evidence of a clear intent among the parties that the second note be substituted for the original obligation such that the original obligation was extinguished. The record does not support appellants' argument.

[2] Appellants' second assignment of error is that the trial court erred by entering judgment for the appellee because the appellee improperly applied payments by defendant and his companies to reduce other debts owed by defendant and his companies. The trial court made the following conclusion of law:

> 4. [Appellee] was not obligated to apply credits or payments to the oldest debt owed to it by [defendant], nor was it otherwise legally obligated to apply credits and payments so that the debt secured by the mortgage identified herein would be extinguished and paid.

We review this conclusion *de novo*. Our Supreme Court has stated:

> [i]t is a well-settled principal of both common and civil law, which seems to be universally applied, that where a debtor, who owes a number of debts to a creditor, makes a payment to the creditor, he has the right at the time of the payment to specify the debt or debts to which the payment will be applied, and if he fails to do so, the creditor may make the application.

*Heating Co. v. Realty Co.*, 263 N.C. 641, 654, 140 S.E.2d 330, 339 (1965). There is no evidence in the record that defendant ever specified the debts to which payments were to be credited. Therefore, the right to make such an assignment fell to the appellee, as creditor. The

trial court's conclusion of law is proper and this assignment of error is without merit.

We conclude that the trial court did not err in holding there was not a novation and that the application of payments was in the discretion of the appellee. As a result, the judgment of the trial court is affirmed.

Affirmed.

Judges BRYANT and CALABRIA concur.