TERRY BOWLES, Employee, Plaintiff v. BCJ TRUCKING SERVICES, INC., Employer, N.C. SELECTIVE FUND, RELIANCE NATIONAL INSURANCE COMPANY (DENNIS INSURANCE GROUP, Servicing Agent), and N.C. INSURANCE GUARANTY ASSOCIATION, N.C. SELF INSURANCE GUARANTY ASSOCIATION, Carriers, Defendants, and NORTH CAROLINA DEPARTMENT OF INSURANCE, Intervenor

No. COA04-1059

(Filed 2 August 2005)

**1. Appeal and Error— preservation of issues—failure to argue**

Defendant Insurance Guaranty Association's (IGA) assignments of error asserting the Industrial Commission erred in a workers' compensation case by its finding of fact number seven

and its order assessing costs to IGA were not argued and are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6).

**2. Insurance; Workers' Compensation— assumption reinsurance agreement—novation—insolvent insurer—liability of IGA**

Plaintiff's workers' compensation claim was a "covered claim" under N.C.G.S. § 58-48-20 for which the Insurance Guaranty Association was responsible where plaintiff was injured in the course of his employment with BCJ Trucking Services (BCJ) and was awarded temporary total disability benefits; BCJ's workers' compensation insurer, Selective, experienced financial difficulties and entered into an assumption reinsurance agreement with Reliance under which Selective transferred and Reliance assumed 100 percent of Selective's workers' compensation liability claims and obligations; Reliance became insolvent and was ordered into liquidation by a Pennsylvania court; and the Insurance Guaranty Association thereafter assumed payment of plaintiff's benefits. The assumption reinsurance agreement constituted a novation which did not create a new contract for insurance coverage but substituted a new party, Reliance, for Selective as if Reliance had issued the original contract of insurance to BCJ, Reliance is thus a "direct insurer," and the Insurance Guaranty Association is liable for all claims on policies of direct insurance companies which have been found insolvent. N.C.G.S. § 58-48-35(a)(2).

Appeal by defendant N.C. Insurance Guaranty Association from opinion and award entered 16 April 2004 and order entered 21 April 2004 by Commissioner Dianne C. Sellers for the North Carolina Industrial Commission. Heard in the Court of Appeals 9 May 2005.

*Janet H. Downing, PA, by Janet H. Downing, for plaintiff-appellee.*

*Charlot F. Wood, for defendant-appellee BCJ Trucking Services, Inc.*

*Johnston, Allison & Hord, P.A., by Patrick E. Kelly, for defendant-appellee N.C. Selective Fund.*

*Nelson Mullins Riley & Scarborough, LLP, by Christopher J. Blake and Joseph W. Eason, for defendant-appellant N.C. Insurance Guaranty Association.*

*Stuart Law Firm, PLLC, by Catherine R. Stuart and Charles C. Kyles, for defendant-appellee N.C. Self Insurance Guaranty Association.*

*Attorney General Roy Cooper, by Assistant Attorney General E. Clementine Peterson, for intervenor-appellee.*

TYSON, Judge.

N.C. Insurance Guaranty Association ("IGA") appeals from the opinion and award entered by the full North Carolina Industrial Commission ("Commission") awarding Terry Bowles ("plaintiff") benefits for an injury he sustained at work. We affirm.

## I. Background

Plaintiff was injured on 3 March 1998 in the course of his employment with BCJ Trucking Services ("BCJ"). On 11 April 2001, plaintiff was awarded ongoing temporary total disability benefits beginning 6 December 1999 from BCJ's workers' compensation insurance company, North Carolina Selective ("Selective"). Selective was comprised of various employers who pool their workers' compensation liabilities to create a licensed self-insured group.

Selective began experiencing financial trouble in early 1997. On 29 April 1997, the North Carolina Department of Insurance ("NCDOI") informed Selective of its financial concerns and by letter dated 21 January 1998 informed Selective of its need to obtain additional capital or a commitment from a commercial insurance company to reinsure them. Shortly thereafter, NCDOI informed Selective it would be in the "best interest" of the public and Selective's members to transfer its obligations and liabilities to a commercial insurer.

Selective entered into a NCDOI approved assumption reinsurance agreement with Reliance National Insurance Company ("Reliance") effective 31 December 1998. Selective transferred and Reliance assumed 100 percent of Selective's workers' compensation liability claims and obligations. Reliance began and continued to pay plaintiff's benefits per the assumption agreement.

Reliance was an active member of IGA, which is a statutorily created reinsurance association which covers claims of insolvent insurance companies pursuant to N.C. Gen. Stat. § 58-48-1 *et seq.* On 3 October 2001, Reliance became insolvent and was ordered into liq-

uidation by the Pennsylvania Commonwealth Court. After Reliance was liquidated, IGA assumed payments of plaintiff's benefits.

IGA commenced this action by filing a Form 33 request with the Commission to determine its responsibility for paying plaintiff's claim. The Commission issued an opinion and award holding IGA responsible for paying plaintiff's workers' compensation claim. The Commission held: (1) the claim arose when Selective was the insurance carrier for BCJ; and (2) Reliance had assumed the insurance contract through novation and IGA was liable for the claim due to Reliance's insolvency. IGA appeals.

## II.  Issues

IGA argues the Commission erred by: (1) finding plaintiff's claim met the definition of a "covered claim" under N.C. Gen. Stat. § 58-48-20; and (2) finding plaintiff's claim was within IGA's obligations by N.C. Gen. Stat. § 58-48 et seq.

## III.  Abandoned Assignments of Error

[1] IGA's assignments of error asserting the Commission erred in its finding of fact number seven and its order assessing costs to IGA were not argued and are deemed abandoned. Brown v. Kroger Co., 169 N.C. App. 312, 316, 610 S.E.2d 447, 450 (2005) ("Pursuant to N.C.R. App. P. 28(b)(6) (2004), the omitted assignments of error are deemed abandoned").

## IV.  Standard of Review

"Opinions and awards of the Commission are reviewed to determine whether competent evidence exists to support the Commission's findings of fact, and whether the findings of fact support the Commission's conclusions of law." Bondurant v. Estes Express Lines, Inc., 167 N.C. App. 259, 263, 606 S.E.2d 345, 348 (2004) (citing Deese v. Champion Int'l Corp., 352 N.C. 109, 114, 530 S.E.2d 549, 552 (2000)). As IGA failed to take exception to the Commission's findings of fact, they are binding on appeal. Creel v. Town of Dover, 126 N.C. App. 547, 552, 486 S.E.2d 478, 480-81 (1997) (citing Mabe v. Granite Corp., 15 N.C. App. 253, 255, 189 S.E.2d 804, 806 (1972)). Our review is limited to a de novo review of the Commission's conclusions of law. Allen v. Roberts Elec. Contr'rs, 143 N.C. App. 55, 63, 546 S.E.2d 133, 139 (2001) (quoting Lewis v. Sonoco Prods. Co., 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000)).

## V.  Covered Claim

**[2]** IGA argues the Commission erred in finding plaintiff's claim met the definition of a "covered claim" as defined by N.C. Gen. Stat. § 58-48-20.

N.C. Gen. Stat. § 58-48-20(4) (2003) defines a "covered claim" as

an unpaid claim, including one of unearned premiums, which is in excess of fifty dollars ($50.00) and arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this Article applies as issued by an insurer, if such insurer becomes an insolvent insurer . . . .

An insolvent insurer is:

(i) an insurer licensed and authorized to transact insurance in this State either at the time the policy was issued or when the insured event occurred and (ii) against whom an order of liquidation with a finding of insolvency has been entered after the effective date of this Article by a court of competent jurisdiction in the insurer's state of domicile or of this State under the provisions of Article 30 of this Chapter, and which order of liquidation has not been stayed or been the subject of a writ of supersedeas or other comparable order.

N.C. Gen. Stat. § 58-48-20(5) (2003).

The Commission concluded IGA's liability for plaintiff's claim arose when Reliance assumed Selective's obligations and rested its conclusion on applying the law of novation.

It is well established that

"[t]he essential requisites of a novation are a previous valid obligation, the agreement of all the parties to the new contract, the extinguishment of the old contract, and the validity of the new contract" . . . . "Ordinarily . . . in order to constitute a novation the transaction must have been so intended by the parties."

*Anthony Marano Co. v. Jones*, 165 N.C. App. 266, 269, 598 S.E.2d 393, 395 (2004) (quoting *Tomberlin v. Long*, 250 N.C. 640, 644, 109 S.E.2d 365, 368 (1959) (citations omitted)).

Novation may be defined as a substitution of a new contract or obligation for an old one which is thereby extinguished . . . . [n]ovation implies the extinguishment of one obligation by the

substitution of another. Where the question of whether a second contract dealing with the same subject matter rescinds or abrogates a prior contract between the parties depends solely upon the legal effect of the latter instrument, the question is one of law for the courts . . . .

*Tomberlin,* 250 N.C. at 644, 109 S.E.2d at 367-68 (quotations omitted).

Here, the Commission found as fact:

[t]he Assumption Reinsurance Agreement approved by the Commissioner of Insurance that became effective on December 31, 1998 resulted in a novation of the original contract for insurance entered into by the Selective Fund and BCJ Trucking Services, Inc. Reliance National Indemnity Company substituted for the Selective Fund as a party to the original contract for insurance between the Selective Fund and BCJ Trucking Services, Inc. No new contract of insurance was formed as a result of this novation. No separate negotiations between Reliance National Indemnity Company and BCJ Trucking Services, Inc. took place resulting in a new and separate contract for insurance between the parties.

The Commission concluded as a matter of law the novation resulted only in a change of the parties to the original contract, while the terms and obligations of the original insurance contract remained unchanged.

As noted above, IGA failed to make exceptions to the Commission's findings of fact and they are binding on appeal. *Creel,* 126 N.C. App. at 552, 486 S.E.2d at 480-81 (citation omitted). The Commission found as fact the assumption reinsurance agreement was a novation. It held the novation extinguished the contract between Selective and BCJ and that Reliance expressly assumed 100 percent of Selective's obligations. *Tomberlin,* 250 N.C. at 644, 109 S.E.2d at 367-68. The agreement did not create a new contract for insurance coverage but solely substituted a new party, Reliance for Selective, to the contract. Through novation, Reliance is deemed to have replaced Selective as if Reliance had issued the original contract of insurance to BCJ. *Id.* The novation replaced the parties to the contract, did not change the obligations under the contract for insurance itself, and the agreement did not operate retroactively to cover known or unknown losses.

Plaintiff's claim for injury occurred after the original contract for insurance was entered into by BCJ and Selective, now BCJ and

Reliance. Reliance, through novation, became BCJ's insurance company beginning 1 November 1994 to the time of plaintiff's claim. Plaintiff's claim is a "covered claim" within the coverage of the insurance policy issued by Reliance, a direct insurer as defined by N.C. Gen. Stat. § 58-48-20. After Reliance became insolvent and was ordered into liquidation by the Pennsylvania Commonwealth Court, IGA became liable for all covered claims issued by an insolvent direct insurer. N.C. Gen. Stat.§ 58-48-20; N.C. Gen. Stat. § 58-48-35(a)(1) (2003). The Commission correctly concluded plaintiff's claim met the definition of a "covered claim" under N.C. Gen. Stat. § 58-48-20 and holding IGA to be liable for plaintiff's claim. This assignment of error is overruled.

## VI. Statutory Obligation of IGA

IGA argues the Commission erred in finding plaintiff's claim rests within the statutory obligations of IGA under the North Carolina Insurance Guaranty Association Act. N.C. Gen. Stat. § 58-48 *et seq.*

Under N.C. Gen. Stat. § 58-48-20(4), a " 'Covered claim' means an unpaid claim, . . . arises out of and is within the coverage . . . [of] an insurance policy to which this Article applies as issued by an insurer, if such insurer becomes an insolvent insurer . . . ." Under N.C. Gen. Stat. § 58-48-20(5), an " 'Insolvent insurer' means (i) an insurer licensed and authorized to transact insurance in this State either at the time the policy was issued or when the insured event occurred and (ii) against whom an order of liquidation with a finding of insolvency has been entered . . . ."

Under N.C. Gen. Stat. § 58-48-35(a)(2), IGA stepped into the shoes of the insurance company found to be insolvent and is deemed the insurer having "all rights, duties, and *obligations* of the insolvent insurer as if the insurer had not become insolvent." (Emphasis supplied).

Under N.C. Gen. Stat. § 58-48-35, IGA is liable for all claims on policies of direct insurance companies which have been found insolvent. Reliance is a direct insurance company who is deemed to have *issued* an insurance policy to BCJ and is an active member of IGA. Plaintiff's claim is a "covered claim" in that it arose out of Reliance's coverage of BCJ. The Pennsylvania Commonwealth Court found Reliance insolvent and ordered it liquidated. After Reliance was found to be insolvent, IGA stepped into the shoes of Reliance and must pay its claims. The Commission properly concluded plaintiff's

claim is within the statutory obligations of IGA. This assignment of error is overruled.

### VII.  Conclusion

The original insurance policy between BCJ and Selective became a direct insurance obligation when Reliance expressly assumed Selective's book of business. Through novation, Reliance is deemed to have issued the insurance policy. Reliance is a "direct insurer" placing it within the obligations of IGA by N.C. Gen. Stat. § 58-48-35. Reliance became insolvent triggering the application of N.C. Gen. Stat. § 58-48-1 *et seq.* to IGA. Plaintiff's claim is a "covered claim" issued by an "insolvent insurer" and became IGA's obligation. The Commission properly concluded plaintiff's claim is within the statutory obligations of IGA. The Commission's opinion and award is affirmed.

Affirmed.

Chief Judge MARTIN and Judge LEVINSON concur.