TODD HURLEY, Employee, Plaintiff v. WAL-MART STORES, INC., Employer, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Carrier, (CLAIMS MANAGEMENT, INC., Third-Party Administrator), Defendants

No. COA11-1107

(Filed 3 April 2012)

**Workers' Compensation—attorney fees—appeal from deputy commissioner—issue not addressed**

An opinion and award of the Industrial Commission awarding past and future healthcare expenses for plaintiff's compensable knee injury and attorney fees was reversed and remanded to the Industrial Commission as it failed to address the issue presented by the defendants' appeal from the order of the deputy commissioner, the award of attorney's fees under N.C.G.S. § 97-90.

Appeal by plaintiff and defendants from Opinion and Award entered 4 May 2011 and order entered 7 July 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 January 2012.

*Wallace and Graham, P.A., by Whitney V. Wallace, for plaintiff appellant/appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane Jones, for defendant appellant/appellee.*

STROUD, Judge.

Todd Hurley ("plaintiff") appeals and Wal-Mart Stores, Inc., Insurance Company of the State of Pennsylvania, and Claims Management, Inc. (referred to collectively as "defendants") cross-appeal from an opinion and award of the full commission awarding past and future healthcare expenses for plaintiff's compensable knee injury and attorney's fees and the order denying their motion for reconsideration. For the following reasons, we reverse the 4 May 2011 opinion and award of the full commission, as it failed to address the issues presented by the defendants' appeal from the order of the deputy commissioner, and we remand to the full commission for further proceedings.

## I. Background

The uncontested findings in the full commission's opinion and award establish that on 30 October 2008, plaintiff was working as a

co-manager at defendant Wal-Mart's store in Greensboro, North Carolina, when he was escorting an alleged shoplifter to the store's loss-prevention area. As plaintiff was walking beside the woman holding her by the right arm, she "jerked aggressively to the left[.]" Plaintiff felt sharp pain in his left knee, and his "left knee buckled inward, and he went down to the floor." Immediately after, plaintiff also "felt slight pain in his right knee" which "got progressively worse after that." On 30 October 2008, plaintiff filed an Industrial Commission Form 19 "Employer's Report of Employee's Injury" listing injuries to both knees.. Defendants accepted plaintiff's left knee injury and provided all medical and indemnity benefits related to that compensable injury. However, defendants denied plaintiff's injury to his right knee claiming that this condition or injury did not arise out of and was not in the course or scope of his employment. On 2 September 2009, plaintiff filed a Form 33 requesting that his worker's compensation claim be assigned for a hearing. Plaintiff's claim was heard before a deputy commissioner, who issued an opinion and award on 30 September 2010, finding that plaintiff had suffered a compensable injury by accident to his right knee and awarding plaintiff payment for all medical treatment he has received for his compensable right knee condition since 30 October 2008 and further medical treatment of his compensable injury. The deputy commissioner also concluded that defendants had defended the claims on reasonable grounds and plaintiff was not entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1, but plaintiff's counsel was "entitled to recover attorney's fees pursuant to a petition under N.C. Gen. Stat. § 97-90(c). *Palmer v. Jackson*, 157 N.C. App. 625 (2003)." The deputy commissioner's "award" section stated

> 4. Within 15 days of her receipt of this Opinion and Award, Plaintiff's counsel should submit to the undersigned a petition for an attorney's fee and proposed Order pursuant to the provisions of N.C. Gen. Stat. § 97-90(c). Among the other documentation required pursuant to said provisions, Plaintiff's counsel should provide an itemization of the time spent by her and her staff on this claim. Thereafter, the undersigned will file an Order setting Plaintiff's attorney's fee.

Defendants were also ordered to pay costs including an expert witness fee. Plaintiff's counsel submitted an affidavit showing that the firm had spent "approximately 44 hours" on his case, which amounted to a total of $6,350.00 in attorney's fees. By order entered 12 October 2010, the deputy commissioner awarded plaintiff's counsel $5,500.00 in attorney's fees to be paid by defendants.

On 14 October 2010, defendants filed notice of appeal to the full commission. The Form 44 filed by defendants identified two issues for appeal to the full commission:

1. Conclusion of Law No. 8 is contrary to law, is not supported by the findings of fact, and is contrary to the competent and credible evidence of record. Without exclusion, the findings of fact and competent and credible evidence of record do not support a conclusion that Plaintiff is entitled to any attorneys' fees to be paid by Defendants.

2. Award No. 4, as well as the Order dated October 12, 2010 awarding Plaintiff's attorney's fees are each contrary to law, not supported by the findings of fact, and contrary to the competent and credible evidence of record.

The full commission in its opinion and award affirmed, with some modifications, the deputy commissioner's opinion and award. Specifically, the full commission affirmed the deputy's conclusion that plaintiff's right knee condition was a compensable injury and the award of payment for past and future medical treatment of that condition. As to attorney's fees, the full commission concluded:

9. Defendants have not defended this claim without reasonable grounds, and Plaintiff is thus not entitled to attorney's fees under N.C. GEN. STAT. § 97-88.1.

10. Plaintiff's counsel is entitled to recover attorney's fees pursuant to N.C. GEN. STAT. § 97-88.

In its award, the full commission stated:

4. Within 15 days of receipt of this Opinion and Award, Plaintiff's counsel should submit to the Full Commission an affidavit of time spent defending this appeal before the Full Commission pursuant to the provisions of N.C. GEN. STAT. § 97.88. Thereafter, the undersigned will file an Order setting Plaintiff's attorney's fee.

The full commission made no mention of the deputy's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c). On 13 May 2011, defendants filed a motion to reconsider the full commission's 4 May 2011 opinion and award, arguing "[t]he only award that Defendants appealed, the award of attorney's fees [pursuant to N.C. Gen. Stat § 97-90(c)] at the Deputy Commissioner level, was not affirmed in the Full Commission Opinion and Award" and "no grounds exist in this

case for an award of attorney's fees for the appeal under § 97-88." In plaintiff's response to defendants' motion, plaintiff argued that the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88 was proper and supported by the record. On 7 June 2011, plaintiff appealed to this Court from the full commission's 4 May 2011 opinion and award. On 8 June 2011, defendants also filed notice of appeal. On 7 July 2011, the full commission denied defendants' motion to reconsider, stating "that adequate grounds do not exist to reconsider or amend the May 4, 2011 Opinion and Award[.]" On 13 May 2011, plaintiff's counsel filed an affidavit indicating that 16 hours had been spent on plaintiff's appeal to the full commission and, by order dated 7 July 2011, the full commission awarded plaintiff's counsel $3,000.00 in attorney's fees, pursuant to N.C. Gen. Stat. § 97-88. On 11 July 2011, defendants appealed to this Court from the denial of their motion to reconsider and from the order awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88. On appeal, plaintiff contends that the full commission erred in failing to address the issue of the deputy commissioner's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c). On cross-appeal, defendants contend that the full commission erred in awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.

## II. Defendants' appeal

We begin with defendants' appeal, as it addresses the first award of attorney's fees, for the plaintiff's representation at the deputy commissioner hearing level. Defendants contend that as a matter of law attorney's fees pursuant to N.C. Gen. Stat. § 97-88 were in error because (1) "[d]efendants did not appeal any of the [deputy commissioner's] awards relating to compensability or benefits from the Deputy Commissioner's Opinion and Award" as defendants had accepted the deputy commissioner's decision and had begun payment of medical compensation for treatment of plaintiff's right knee; (2) the only issue they appealed was the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c); and (3) they were successful in their appeal of that one issue as the full commission reversed the deputy commissioner's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c). Plaintiff counters that the full commission acted well within its authority in awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.

As defendants contend that the full commission made an error of law, we apply a *de novo* review. *See Salomon v. Oaks of Carolina,* ___ N.C. App. ___, ___, 718 S.E.2d 204, 206 (2011). Before we can address

any of the substantive arguments regarding awards of attorney's fees raised by either party, we first note that the full commission addressed issues other than the award of attorney's fees, although this was the *only* issue raised by defendants' Form 44 Application for Review. The full commission did not have authority to address these additional issues under the Workers' Compensation Rules of the North Carolina Industrial Commission. Rule 701 provides, in pertinent part, as follows:

> (2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant a Form 44 Application for Review upon which appellant must state the grounds for the appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and, when applicable, the pages in the transcript on which the alleged errors are recorded. Failure to state with particularity the grounds for appeal shall result in abandonment of such grounds, as provided in paragraph (3). Appellant's completed Form 44 and brief must be filed and served within 25 days of appellant's receipt of the transcript or receipt of notice that there will be no transcript, unless the Industrial Commission, in its discretion, waives the use of the Form 44. The time for filing a notice of appeal from the decision of a Deputy Commissioner under these rules shall be tolled until a timely motion to amend the decision has been ruled upon by the Deputy Commissioner.

> (3) Particular grounds for appeal not set forth in the application for review *shall be deemed abandoned, and argument thereon shall not be heard before the Full Commission.*

Workers' Comp. R. of N.C. Indus. Comm'n 701 (emphasis added).

Instead of addressing the one issue which was clearly presented—the deputy commissioner's award of attorney's fees—the full commission's opinion and award stated the issues raised by the appeal as follows:

> 1. Whether Plaintiff's right knee condition is compensable in this claim?

> 2. If so, to what compensation is Plaintiff entitled?

> 3. Whether Plaintiff should be compelled to execute an Industrial Commission Form 26A, *Employer's Admission of*

*Employee's Right to Permanent Partial Disability,* for his compensable left knee injury?

(Emphasis in original.) The full commission also stated that it "reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives." The above statement of the issues raised by the appeal is baffling, as defendants clearly did not appeal any issue of compensability of plaintiff's injury. The full commission addressed only issues that were not appealed and ignored the one issue which was appealed, which was the deputy commissioner's award of attorney's fees under N.C. Gen. Stat. § 97-90.

The full commission does not have the authority to waive or violate its own rules. *See Roberts v. Wal-Mart Stores, Inc.*, 173 N.C. App. 740, 744, 619 S.E.2d 907, 910 (2005) ("[T]he portion of Rule 701 requiring appellant to state with particularity the grounds for appeal may not be waived by the Full Commission. Without notice of the grounds for appeal, an appellee has no notice of what will be addressed by the Full Commission. The Full Commission violated its own rules by failing to require that plaintiff state with particularity the grounds for appeal and thereafter issuing an Opinion and Award based solely on the record. For the foregoing reasons, we reverse the Full Commission and vacate its Opinion and Award.")

We further note that N.C. Gen. Stat. § 97-85 (2009), in pertinent part, states that

> [i]f application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]

Here, defendants appealed to the full commission but, as noted above, the only issues raised in their Form 44 were related to the deputy commissioner's award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90; defendants did not challenge any of the deputy commissioner's findings or conclusions regarding plaintiff's compensable injury to his right knee or the award of payment for treatment for that condition and, therefore, those determinations of the Deputy

**HURLEY v. WAL-MART STORES, INC.**

[219 N.C. App. 607 (2012)]

Commissioner were not at issue and were *not* before the full commission for review. We have stated that "[w]hen the matter is 'appealed' to the full Commission pursuant to G.S. 97-85, it is the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties." *Vieregge v. N.C. State University*, 105 N.C. App. 633, 638, 414 S.E.2d 771, 774 (1992) (citation omitted) (emphasis added). Defendants having filed a Form 44 are "entitled to have the full Commission respond to the questions directly raised by [their] appeal." *Id.* at 639, 414 S.E.2d at 774. Despite the lack of any issue "in controversy" on appeal to the full commission, and presumably any argument, regarding the compensability of plaintiff's injury, the full commission proceeded to address the facts and issues of compensability at length, to the exclusion of the only issue specifically raised by defendants' appeal of the deputy commissioner's award.

Understandably, defendants made a motion to reconsider before the full commission regarding its omission of a determination regarding attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c). Inexplicably, this motion was denied. We hold that this denial was in error. The proper procedure for addressing the issue of attorney's fees pursuant to Section 97-90(c) would have been for the full commission to make its findings and conclusions, and then either party who desired review could appeal that decision to the superior court.

We note that under N.C. Gen. Stat. § 97-90(c), the issue of attorney's fees arising from an opinion and award of the full commission would be appealable to the superior court, and thus would be subject to dismissal if appealed directly to this Court instead of the superior court. In *Creel v. Town of Dover*, 126 N.C. App. 547, 486 S.E.2d 478 (1997), the plaintiff appealed to this Court arguing that the full commission failed to address the issue of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c). *Id.* at 551, 486 S.E.2d at 480. However, the deputy commissioner's opinion and award had failed to address the issue of attorney's fees, and plaintiff had not raised the deputy commissioner's failure to address attorney's fees in "his appeal to the Commission, which likewise failed to address the issue in its Opinion and Award." *Id.* The plaintiff appealed to this Court instead of to the superior court, arguing that "he had no right to appeal the decision of the Commission to the superior court because the former's Opinion and Award omitted any reference to counsel fees." *Id.* at 552, 486 S.E.2d at 480. We rejected this argument, noting that

[h]ad he or his attorney brought the matter to the superior court in the manner set out in G.S. § 97-90, the Commission would thereby have been compelled to explain its failure to award counsel fees. Perhaps, as plaintiff claims, the Commission neglected to do so because of mere oversight. Whatever the explanation for the Commission's omission, however, neither plaintiff nor his attorney complied with G.S. § 97-90. Plaintiff's appeal of the Commission's decision (or lack thereof) as to counsel fees is therefore dismissed.

*Id.* In contrast, here, plaintiff did address the issue of the award of attorney's fees pursuant to N.C. Gen. Stat. § 97-90(c) before the deputy commissioner; the deputy commissioner awarded attorney's fees; defendants appealed the attorney's fees specifically in their Form 44 and requested that this issue be addressed in their motion for reconsideration. Despite the efforts of both parties to have the full commission rule upon the issue, the full commission failed to make any findings or conclusions regarding the attorney's fees ordered by the deputy commissioner pursuant to N.C. Gen. Stat. § 97-90(c). Thus, instead of dismissing the appeals of both parties, both of whom complied with the workers' compensation rules in their attempts to have the full commission address the issue of attorney's fees, we must instead reverse the opinion and award and remand for consideration of the issue actually raised on defendant's appeal to the full commission, the award of attorney's fees under N.C. Gen. Stat. § 97-90. For this reason, we are unable to address the legal arguments of either party as to the awards of attorney's fees under either N.C. Gen. Stat. §§ 97-90 or 97-88, as neither the full commission nor the superior court has addressed these issues as required by statute.

REVERSED AND REMANDED.

Judges STEPHENS and BEASLEY concur.