STATE OF NORTH CAROLINA v. WILLIAM GILLIAM, JR.

No. 762SC999

(Filed 15 June 1977)

**Criminal Law §§ 157, 163.1— record on appeal — judgment — exceptions to instructions— certification by clerk**

    An appeal in a criminal case is dismissed for failure to comply with the Rules of Appellate Procedure where a copy of the judgment was not included in the record on appeal as required by App. R. 9(b)(3); exceptions to the court's instructions did not identify the portions in question by brackets or by any other clear means as required by App. R. 10(b)(2); and the record on appeal was not settled before certification of the clerk of court in violation of App. R. 11(e).

APPEAL by defendant from *James, Judge.* Judgments entered 28 July 1976 in Superior Court, MARTIN County. Heard in the Court of Appeals 4 May 1977.

In case No. 76CR904 defendant pled not guilty to charges of driving 120 m.p.h. in a 55 m.p.h. zone and of driving in excess of 55 m.p.h. and at least 15 m.p.h. over the legal limit while fleeing or attempting to elude arrest. In case No. 76CR905 defendant pled not guilty to charges of reckless driving and of failing to stop for a police light and siren.

The court granted defendant's motion to dismiss on the charge of failing to stop for a police light and siren, but denied similar motions as to the other three charges. The jury found defendant guilty of the other three charges. The record includes court minutes for 28 July which purport to relate the disposition of the two cases. The record includes a judgment in 76CR904 but does not include a judgment in 76CR905.

Defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Acie L. Ward for the State.*

*Milton E. Moore for defendant appellant.*

CLARK, Judge.

An appeal is subject to dismissal for failure to comply with the North Carolina Rules of Appellate Procedure. *Ledwell v. County of Randolph,* 31 N.C. App. 522, 229 S.E. 2d 836 (1976).

It is clear from the argument in defendant's brief concerning the charge on reckless driving that he intended to appeal from the judgment in case No. 76CR905. Rule 9(b)(3) (vii) provides that "the record on appeal in criminal actions shall contain . . . copies of the verdict and of the judgment. . . . " A copy of the judgment in No. 76CR905 was not included in the record on appeal. The "minutes" of the court that were included are not a substitute for a copy of the judgment. A judgment is a necessary part of the record. *State v. Willis,* 285 N.C. 195, 204 S.E. 2d 33 (1974). When a necessary part of the record has been omitted, the appeal will be dismissed. *State v. Dobbs,* 234 N.C. 560, 67 S.E. 2d 751 (1951); 4 Strong N. C. Index, Criminal Law § 157.2 (3d ed. 1976).

Defendant also violated Rule 10(b)(2) with respect to the appeal from No. 76CR905. Rule 10(b)(2) provides that "An exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference." Defendant's assignment of error with respect to the charge on reckless driving is based upon five (5) exceptions. Each of these exceptions is listed at the end of a paragraph. There are no brackets or any other feature to indicate whether the preceding phrase, sentence, paragraph, or paragraphs are the subject of the exception.

The appeal from No. 76CR904 as well as that from No. 76CR905 is subject to dismissal for violation of Rule 11(e). Rule 11(e) provides that

> "Within 10 days after the record on appeal has been settled by any of the procedures provided in this Rule 11, the appellant shall present the items constituting the

record on appeal to the clerk of superior court for certification. . . . "

. The clear implication of this rule is that the record must be settled before certification. In the present case the record was certified on 26 October 1976 and settled on 27 October 1976. The appellate court must be assured that it has before it the certification of the clerk to the settled record, not the certification of the clerk to a record presented by the appellant. It is the duty of the appellant to see that the record is properly made up and transmitted. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262 (1965).

For these several violations of the Rules of Appellate Procedure, the appeal is

Dismissed.

Chief Judge BROCK and Judge VAUGHN concur.