FAYE McLEOD v. MONIQUE FAUST

No. 885DC558

(Filed 20 December 1988)

**Appeal and Error § 37— failure to file settled record on appeal**
 Plaintiff's appeal is dismissed for failure to file a properly settled record on appeal where the record was not agreed to and was filed before expiration of the 45-day period allowed by the trial judge for defendant to serve objections or file a counter-proposed record on appeal. Appellate Rules 11, 12(a) and 25.

APPEAL by plaintiff from *Rice (Charles E., III), Judge.* Judgment entered 21 October 1987 and order entered 18 December 1987 in District Court, NEW HANOVER County. Heard in the Court of Appeals 8 December 1988.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellant.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Vaiden P. Kendrick and Reid G. Hinson, for defendant-appellee.*

SMITH, Judge.

A jury found that plaintiff was injured by defendant's negligence and that plaintiff's own negligence contributed to her injury. On 21 October 1987, the trial court entered judgment for defendant and taxed costs against plaintiff. Plaintiff's motion for judgment notwithstanding the verdict was denied on 18 December 1987. On 23 December 1987, plaintiff gave notice of appeal.

On 2 June 1988, defendant filed in this Court a motion to dismiss the appeal. For plaintiff's failure to file a properly settled

record on appeal, defendant's motion to dismiss the appeal is allowed pursuant to App. R. 25.

App. R. 12(a) requires the appellant to file with the appropriate appellate court a record on appeal that has been settled by any of the procedures authorized in App. R. 11. Plaintiff, the appellant in this case, has failed to comply with the requirements of App. R. 11 in settling the record on appeal.

On 4 January 1988, Judge Rice signed the appeal entry and granted plaintiff 60 days in which to prepare and serve a proposed record on appeal upon defendant. Judge Rice allowed defendant 45 days in which to object to plaintiff's proposed record on appeal or file a counter-proposed record on appeal. Plaintiff moved for and was allowed an extension of time up to and including 30 April 1988 in which to file and serve the proposed record on appeal. The order granting this extension of time did not alter the 45-day period which defendant had been given to serve objections or file a counter-proposed record on appeal. On 28 April 1988, plaintiff's attorney hand-delivered a copy of the proposed record on appeal to defendant's attorney. Plaintiff filed the proposed record with this Court on 23 May 1988. The record was not agreed to and it was filed before the expiration of defendant's 45-day period in which to serve objections or file a counter-proposed record on appeal. Thus, the record on appeal has not been settled according to any provisions of App. R. 11.

We note that plaintiff filed the proposed record on appeal with this Court on Monday, 23 May 1988, 152 days after notice of appeal was given. As the 150-day period expired on a Saturday, the proposed record on appeal was timely filed in accordance with App. R. 12(a). However, appellant is not entitled to use all the time less than 150 days and then file a record on appeal that has not been settled as required by App. R. 11. Plaintiff, as appellant, bears the burden of seeing that the record on appeal is properly settled and filed with this Court. *State v. Gilliam*, 33 N.C. App. 490, 235 S.E. 2d 421 (1977). Plaintiff could have served the proposed record on appeal on defendant in ample time to allow defendant 45 days to file objections, requested the trial court to amend the order to allow defendant a shorter period of time to make objections, or requested this court to grant an extension of the 150-day period for filing the record on appeal.

Plaintiff's proposed record on appeal filed with this Court contains the following statement, signed by plaintiff's attorney:

STATEMENT REGARDING SETTLEMENT OF RECORD ON APPEAL

Per Appellate Rule 11, the Proposed Record on Appeal was duly served upon counsel for the Defendant/Appellee on April 28, 1988. The Defendant/Appellee having failed, within the time allowed pursuant to Rule 11, to file a notice of approval or objections, amendments, or a proposed alternative Record on Appeal, the foregoing is hereby submitted as the Record on Appeal.

This the 17th day of May, 1988.

Plaintiff apparently believed that the 15-day period for serving objections in App. R. 11 applied to bar defendant's objections to the proposed record. However, the trial court allowed defendant 45 days to serve objections or file a counter-proposed record on appeal and thus the 15-day period of App. R. 11 is inapplicable.

As plaintiff has not filed a properly settled record on appeal, defendant's motion to dismiss the appeal is allowed. Because we are unable to determine what issues might arise in a properly settled record, the appeal is dismissed without considering or determining whether a writ of certiorari should be granted.

Appeal dismissed.

Judges EAGLES and PARKER concur.