STATE OF NORTH CAROLINA
v.
CARL FABIN FELTS, JR.
No. COA06-843
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Stormie D. Forte, for the State.
William D. Auman for Defendant-Appellant.
McGEE, Judge.
Carl Fabin Felts, Jr. (Defendant) pleaded guilty on 4 August 2005 to two Class 3 misdemeanors: (1) having junk motor vehicles on his property and (2) having trash accumulated on his property. Pursuant to the terms of the plea agreement, sentencing was delayed for sixty days to give Defendant an opportunity to bring his property into compliance with local ordinances.
At a hearing held 3 October 2005, the trial court determined Defendant had not brought his property into compliance with the ordinances, and entered judgments against Defendant: (1) In 03 CRS 57355, the trial court sentenced Defendant to fifteen days in the custody of the Buncombe County Sheriff for having junk motorvehicles on his property, suspended the sentence, and placed Defendant on supervised probation for twenty-four months. (2) In 03 CRS 61831, the trial sentenced Defendant to a consecutive fifteen days in jail for having trash accumulated on his property, suspended the sentence, and placed Defendant on supervised probation for twenty-four months. (3) In 05 CRS 55966, the trial court sentenced Defendant to forty-five days in the custody of the Buncombe Sheriff for interfering with a utility meter, suspended the sentence, and placed Defendant on supervised probation for twenty-four months on 4 October 2005. Defendant appeals.
The State contends Defendant failed to properly and timely give notice of appeal from the judgments. We agree.
N.C. R. App. P. 4(a)(1) and (2) (2005) provides:
Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
(1) giving oral notice of appeal at trial, or
(2) filing notice of appeal . . . within 14 days after entry of the judgment or order[.]
N.C.R. App. P. 4(a)(1) and (2) (2006).
In the present case, the judgments in 03 CRS 57355 and 03 CRS 61831 were entered on 3 October 2005. There is no indication in the record that Defendant orally appealed from either of these judgments. Defendant's written notice of appeal states Defendant "enters Notice of Appeal from a judgment entered on October 3, 2005, from the Superior Court Division of the General Court of Justice to the North Carolina Court of Appeals." The superior court file number referenced in the caption of the notice of appeal identifies file number 03 CRS 57355 only; it does not reference file number 03 CRS 61831. Further, Defendant's notice of appeal was filed on 21 October 2005, eighteen days after the date on which the judgment was entered. Thus, Defendant's notice of appeal was not filed within the time required by Rule 4(a)(2) of the North Carolina Rules of Appellate Procedure. In addition, the record on appeal does not contain a separate notice of appeal from the judgment entered in 03 CRS 61831.
The judgment in 05 CRS 55966 was entered on 4 October 2005. There is no indication in the record that Defendant gave oral notice of appeal from this judgment. The written notice of appeal from this judgment was filed on 1 November 2005, twenty-eight days after the judgment was entered. Defendant's notice of appeal from the judgment in 05 CRS 55966 was not filed within the time required by Rule 4(a)(2) of the North Carolina Rules of Appellate Procedure. "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." State v. McCoy, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). Because Defendant failed to timely give notice of appeal from the judgments in 03 CRS 57355, 03 CRS 61831, and 05 CRS 55966, we dismiss Defendant's appeal. Id. at 638, 615 S.E.2d at 320 ("Rule 27(c) of the Rules of Appellate Procedure prohibits this Court from granting [a] defendant an extension of time to file his notice of appeal since compliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by this Court."); see also State v. Gilliam, 33 N.C. App. 490, 491, 235 S.E.2d 421, 422 (1977) (holding an appeal will be dismissed when a necessary part of the record has been omitted) (citations omitted).
Appeal dismissed.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).