IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-909

 Filed: 6 October 2020

From the North Carolina Industrial Commission, I.C. Nos. 14-023091, 17-019920

DORIS G. CUNNINGHAM, Employee-Plaintiff,

 v.

THE GOODYEAR TIRE & RUBBER CO., Employer, LIBERTY MUTUAL
INSURANCE CO., Carrier, Defendants.

 Appeal by Plaintiff from opinion and award entered 30 July 2019 by the North

Carolina Industrial Commission. Heard in the Court of Appeals 26 August 2020.

 Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner and David P.
 Stewart, and Jay A. Gervasi, Jr., for Plaintiff.

 Young, Moore, and Henderson, P.A., by Angela Farag Craddock, for
 Defendants.

 BROOK, Judge.

 Doris G. Cunningham (“Plaintiff”) appeals from the opinion and award of the

North Carolina Industrial Commission (“the Commission”) denying her claim for

disability compensation from Goodyear Tire and Rubber Company (“Defendant-

Employer”) and Liberty Mutual Insurance Company (“Defendant-Carrier”)

(collectively, “Defendants”). On appeal, Plaintiff primarily argues that the Full

Commission erred by dismissing her 27 May 2014 claim for lack of jurisdiction and

failing to decide whether she suffered a compensable injury on that date.
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 After careful review, we reverse the opinion and award and remand to the

Commission to decide the merits of Plaintiff’s 27 May 2014 claim.

 I. Factual and Procedural History

 A. Factual Background

 Plaintiff has worked as a press operator for Defendant-Employer continuously

since 2001 where she walks an average of eight to nine miles a day and lifts

“anywhere from a thousand to fourteen hundred tires” in a 12-hour shift. After she

puts the tires into a loading truck, a machine picks up the tires from the pan where

they are molded and pressed and then returned on a conveyer belt. In 2011, Plaintiff

injured her lower back twice while lifting tires and filed claims with the Commission;

both claims were settled in 2012.

 On 27 May 2014, Plaintiff tried to grab a “severely stuck” tire off a flatbed truck

and hurt her lower back in the process. She reported the incident to her area

manager, and when she woke up the next morning, she could not move. Plaintiff filed

a F159 “Associate Report of Incident” (“F159”), an internal document that is

submitted with Defendant-Employer following an incident at work, and was placed

on light duty for six weeks. Plaintiff returned to full duty at the end of that six weeks

and did not miss any work due to the incident. At the hearing, Plaintiff testified that

 -2-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

since the 2014 injury,1 her pain has “never [been] better than a four” on a scale of one

to ten.

 After receiving Plaintiff’s F159 for her 27 May 2014 alleged injury, Defendant-

Carrier mailed Plaintiff a completed Form 19, Employer’s Report of Employee’s

Injury, and a blank Form 18, Notice of Accident to Employer and Claim of Employee,

per Defendants’ accident-report protocol. Plaintiff testified that she never received

these forms from Defendants and that she believed her claim for an injury to her back

on 27 May 2014 had been accepted because she had been placed on light duty—

something which had not happened with either of her 2011 incidents. She also

testified that she was prepared to fill out the Form 18 in 2014 but was told by her

union representative that “they” had already received her form.

 Nancy Talavera, a claims processor for Defendant-Carrier, testified that the

representative assigned to investigate Plaintiff’s allegations attempted to contact

Plaintiff three times to determine whether she wished to pursue a claim. According

to Ms. Talavera, Defendant-Carrier’s policy when it is unable to contact an employee

and the employee has not lost time due to the incident is to presume that the

employee does not wish to file a claim and close the file. Since Plaintiff never missed

 1
 We refer to the 27 May 2014 claim as “the 27 May 2014 injury” or “27 May 2014 accident” or
in a similar fashion. This is for ease of reading and is not an expression of our opinion as to whether
Plaintiff has proven she suffered a compensable injury by accident on 27 May 2014.

 -3-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

work for her injury, did not file a Form 18, and did not respond to Defendant-Carrier’s

attempts to reach her, Defendant-Carrier closed her file.

 Following the 27 May 2014 injury, Plaintiff received treatment at the

dispensary, an on-site medical facility that treats work-related and non-work-related

injuries and ailments of Defendant-Employer’s employees. Frank Anthony Murray,

a physical therapist who evaluates and treats musculoskeletal injuries at the

dispensary, treated Plaintiff following the 2014 incident. When Plaintiff saw Mr.

Murray on 3 June 2014, she reported her pain at ten out of ten. By 9 June 2014, her

pain was “five out of ten at worse [sic], to two out of ten at best.” Mr. Murray testified

that Plaintiff’s range of motion increased between visits and that combined with her

reduction in pain level indicated that she was improving. Mr. Murray treated

Plaintiff on 10, 13, 18, 23, and 24 June 2014, and by the 24 June visit, her “[r]ange of

motion was full and painless[.]”

 On 23 February 2015, Plaintiff returned to Mr. Murray and told him that her

back pain had never completely subsided since 27 May 2014 and that she felt it had

increased recently, noting her pain as “eight out of ten down to four out of ten[.]” Mr.

Murray diagnosed Plaintiff with chronic low back pain, and saw Plaintiff on 3 March

2015, where she reported her pain between “three out of ten to five out of ten[.]”

Plaintiff did not return to Mr. Murray until 25 April 2017. She told him that she

continued to have some back pain and had been treated for plantar fasciitis since

 -4-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

March 2016, and her doctor suggested that the pain she was having in her feet was

coming from her lower back. Plaintiff told Mr. Murray that “there was no

precipitating episode[,]” but rather an “ongoing, continuation of low-back pain.”

 Plaintiff visited nurse case manager Kelly Avants at the dispensary on 28 April

2017, and Ms. Avants informed Plaintiff that Defendant-Carrier had closed Plaintiff’s

file because “she reached the statute of limitations in regard to her back claims” and

they could not cover any further treatment. On 8 May 2017, Plaintiff reported that

she had again been injured on 25 April 2017 from a stuck tire and that she felt a

sharp pain in her lower back.

 Dr. David Jones, a neurosurgeon, examined and treated Plaintiff in July 2017

and found that she had some disc desiccation in her spine at L4-5 and L5-S1, that she

had a small, far lateral disc bulge that could irritate her L4 nerve root, and a more

focal right-sided disc protrusion that he thought could irritate her right S1 nerve root.

He determined that she did not require surgery and recommended medical

management, activity modification, physical therapy, and injection therapy.

 Dr. Nailesh Dave, whose main practice is neurology and chronic,

musculoskeletal, and neuropathic pain, began treating Plaintiff on 19 July 2017 after

she was referred by Dr. Jones for pain management. Dr. Dave diagnosed Plaintiff

with chronic back pain with lumbar radiculopathy and continued to see Plaintiff

through 2018 for treatment. Dr. Dave testified that it was “more than likely” that a

 -5-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

25 April 2017 injury exacerbated Plaintiff’s 27 May 2014 injury, but there was no way

to determine to what extent each injury caused her current condition.

 Dr. Gurvinder Deol, an orthopedic surgeon who treats lumbar spine

complaints, examined Plaintiff once in March 2018. Dr. Deol testified that Plaintiff

had mild degenerative disc disease at L4-5 and L5-S1, but “overall the thought was

she seemed to have a MRI that probably looked a little better than people in their

mid-fifties, [be]cause everybody kind of degenerates their spine over time.” Based on

his one-time examination of her and the review of the records, Dr. Deol testified that

“it’s difficult to say if there’s one particular incident” from which her current pain

complaints stem.

 B. Procedural History

 On 19 May 2017, Plaintiff filed two Form 18s with the Commission: one

alleging an incident on 27 May 2014 and the other alleging an incident on 25 April

2017. Defendant filed a Form 61 denying Plaintiff’s 27 May 2014 claim on the

grounds that her action was time-barred because it was not filed within two years of

the date of the alleged injury and moved to dismiss.

 Both matters were consolidated and heard before the Deputy Commissioner on

15 February 2018. The Deputy Commissioner entered an opinion and award on 13

December 2018, dismissing Plaintiff’s 27 May 2014 claim for lack of jurisdiction and

denying Plaintiff’s 25 April 2017 claim. For the 27 May 2014 claim, the Deputy

 -6-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

Commissioner found that Plaintiff did not file a Form 18 or any other claim for

compensation with the Commission until 29 May 2017. The Deputy Commissioner

further found that Plaintiff last received related medical treatment from Defendants

on 3 March 2015, which was paid for by Defendants in April 2015.2 The Deputy

Commissioner concluded that Plaintiff neither (1) filed her claim with the

Commission within two years of the date of incident nor (2) within two years of the

last payment of medical compensation as is required by N.C. Gen. Stat. § 97-24(a).

On the 25 April 2017 claim, the Deputy Commissioner concluded that there was no

evidence in the record to support injury by accident or specific traumatic incident.

 Plaintiff appealed to the Full Commission, and in her Form 44 assigning

specific grounds for review, argued that she last received related medical treatment

for her 27 May 2014 injury on 25 April 2017 and thus filed her claim within two years

of the last payment of medical compensation. The Full Commission entered an

opinion and award on 30 July 2019, dismissing Plaintiff’s 27 May 2014 claim for lack

of jurisdiction and denying Plaintiff’s 25 April 2017 claim.3

 2Defendant-Employer receives monthly invoices from the dispensary and pays for expenses
incurred the month prior to the invoice date.
 3 Issues related to an alleged 25 April 2017 injury are not before us on review. Indeed, Plaintiff

argues that the Full Commission improperly considered whether she suffered a compensable injury
on 25 April 2017, arguing she had abandoned the issue by not raising it in her brief. Nowhere do the
Commission’s rules governing appeals state that issues not raised in briefs are treated as abandoned
on appeal to the Full Commission. Compare N.C. R. App. P. 28(a) (“Issues not presented and discussed
in a party’s brief are deemed abandoned.”), with 11 NCAC 23A.0701(f) (2019) (explaining brief
requirements and failing to include a like provision). And in her Form 44 application for review to the
Full Commission, Plaintiff alleged that “20. Finding of Fact Nos. 33, 34, 34 [sic], 35, 36 . . . improperly

 -7-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 Plaintiff timely noticed appeal.

 II. Motion to Strike and Motion to Amend the Record on Appeal

 Before we reach the merits of Plaintiff’s appeal, we first address Defendants’

motion to strike supplements to the printed record on appeal and Plaintiff’s motion

to amend the record on appeal.

 On 18 October 2019, Plaintiff filed under seal two supplements to the record

on appeal: a Rule 18(d)(3) supplement which contained the transcripts of the hearing

before the Deputy Commissioner, depositions and accompanying exhibits, and a Rule

11(c) supplement which contained the briefs that were filed by the parties before the

Full Commission. Neither record supplement included a certificate of service. On 19

June 2020, Defendants moved to strike these supplements, arguing that they had not

been properly served with these documents pursuant to Rule 26(b) of the North

Carolina Rules of Appellate Procedure. See N.C. R. App. P. 26(b) (“Copies of all papers

filed by any party and not required by these rules to be served by the clerk shall, at

or before the time of filing, be served on all other parties to the appeal.”). Defendants

further moved that this Court strike all citations to the record supplement in

finds as fact that there was ‘no evidence in the record to support’ a 25 April 2017[ ] injury by accident
or specific traumatic accident.” This issue was thus properly before the Full Commission, see Hurley
v. Wal-Mart Stores, Inc., 219 N.C. App. 607, 611, 723 S.E.2d 794, 796 (2012) (holding the Full
Commission does not have authority to address issues other than those raised in Form 44), even
though it is not before us on appeal.

 -8-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

Plaintiff’s brief, impose any sanctions we deem proper, and grant Defendants any

relief deemed just and proper.

 In response to Defendants’ motion, Plaintiff filed a motion to amend the record

on 1 July 2020, which included a certificate of service dated 1 July 2020 for the

hearing and deposition transcripts, a certificate of service dated 1 July 2020 for the

Rule 11(c) supplement, and other documents required by Rule 11(c), which governs

when one party disagrees with the inclusion of a certain document on appeal.

Defendants objected to including the briefs to the Full Commission in the record on

appeal. See N.C. R. App. P. 11(c) (requiring an index and statement that the items

to which the other party objects be filed separately along with the supplement).

 When a party fails to comply with a non-jurisdictional rule, we must

“determin[e] whether a party’s noncompliance . . . rises to the level of a substantial

failure or gross violation[.]” Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp.

Co., 362 N.C. 191, 200, 657 S.E.2d 361, 366 (2008). “[T]he court may consider, among

other factors, whether and to what extent the noncompliance impairs the court’s task

of review and whether and to what extent review on the merits would frustrate the

adversarial process.” Id., 357 S.E.2d at 366-67; see also Viar v. N.C. Dep’t of Transp.,

359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (per curiam) (discouraging review on

the merits when doing so would leave the appellee “without notice of the basis upon

which [the] appellate court might rule”).

 -9-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 The service requirements of Rule 26(b) are not jurisdictional, Henlajon, Inc. v.

Branch Hwys., Inc., 149 N.C. App. 329, 333, 560 S.E.2d 598, 601-02 (2002), and,

pursuant to Dogwood, we conclude that Plaintiff’s noncompliance does not rise to the

level of a substantial failure or gross violation. First, Plaintiff’s failure does not

impair our review on the merits. Nor would review on the merits leave Defendants

“without notice of the basis upon which [we] might rule” given that Defendants cite

both the hearing testimony and deposition transcripts throughout their brief,

demonstrating they have had access to these documents. Viar, 359 N.C. at 402, 610

S.E.2d at 361. And presumably Defendants have long had access to the parties’ briefs

filed with the Full Commission. We therefore deny Defendants’ motion to strike and

grant Plaintiff’s motion to amend the record on appeal.

 III. Analysis

 On appeal, Plaintiff argues that the Full Commission erred by finding as fact

that she last received related medical treatment for her 27 May 2014 claim on 3

March 2015 and therefore erred in concluding that she failed to file her claim within

two years of the last payment of medical compensation. Relatedly, Plaintiff argues

that the Full Commission erred by failing to make any findings of fact or conclusions

of law as to whether she sustained a compensable back injury on 27 May 2014.

 Both of Plaintiff’s arguments can be resolved by determining the primary issue

raised by this appeal: whether Plaintiff properly invoked the jurisdiction of the

 - 10 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

Commission over her 27 May 2014 injury. After careful review, we conclude that she

did.

 A. Standard of Review

 Whether a party timely filed a claim with the Commission is a question of

jurisdiction, and

 [t]he finding of a jurisdictional fact by the Industrial
 Commission is not conclusive upon appeal even though
 there be evidence in the record to support such finding.
 The reviewing court has the right, and the duty, to make
 its own independent findings of such jurisdictional facts
 from its consideration of all the evidence in the record. . . .
 This Court makes determinations concerning jurisdictional
 facts based on the greater weight of the evidence.

Capps v. Southeastern Cable, 214 N.C. App. 225, 226-27, 715 S.E.2d 227, 229 (2011)

(internal marks and citations omitted). In making jurisdictional findings of fact, this

Court must “assess the credibility of the witnesses” and weigh the evidence “using

the same tests as would be employed by any fact-finder in a judicial or quasi-judicial

proceeding.” Morales-Rodriguez v. Carolina Quality Exteriors, Inc., 205 N.C. App.

712, 715, 698 S.E.2d 91, 94 (2010).

 B. Merits

 “[T]he timely filing of a claim for compensation is a condition precedent to the

right to receive compensation[,] and failure to file timely is a jurisdictional bar for the

Industrial Commission.” Reinhardt v. Women’s Pavilion, Inc., 102 N.C. App. 83, 86,

401 S.E.2d 138, 140 (1991). Pursuant to N.C. Gen. Stat. § 97-24(a) (2019), a claim is

 - 11 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 forever barred unless (i) a claim or memorandum of
 agreement as provided in G.S. 97-82 is filed with the
 Commission or the employee is paid compensation as
 provided under this Article within two years after the
 accident or (ii) a claim or memorandum of agreement as
 provided in G.S. 97-82 is filed with the Commission within
 two years after the last payment of medical compensation
 when no other compensation has been paid and when the
 employer’s liability has not otherwise been established
 under this Article.

“Under section 97-24(a)(ii), a plaintiff must show that: (1) his claim was filed within

two years after the last payment of ‘medical compensation,’ (2) no ‘other

compensation’ was paid, and (3) the employer’s liability has not otherwise been

established under the Act.” Clark v. Summit Contractors Group, Inc., 238 N.C. App.

232, 235, 767 S.E.2d 896, 898 (2014). “Dismissal of a claim is proper where there is

an absence of evidence that the Industrial Commission acquired jurisdiction by the

timely filing of a claim or by the submission of a voluntary settlement agreement to

the Commission.” Reinhardt, 102 N.C. App. at 86-87, 401 S.E.2d at 140-41.

 Although Plaintiff alleged an accident occurred on 27 May 2014, Plaintiff did

not file a claim for compensation until 19 May 2017, more than two years after the

accident. However, Plaintiff argues her claim was timely filed because she filed it

within two years of the last payment of medical compensation, which she argues was

on 25 April 2017. Defendants argue that the Full Commission correctly determined

 - 12 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

that the last payment of medical compensation for Plaintiff’s 27 May 2014 injury was

in April 2015 and therefore Plaintiff’s claim is time-barred.4

 Though not explicitly stated, implicit in N.C. Gen. Stat. § 97-24(a)(ii) is that

the medical compensation must be related to the alleged work-related injury. See

N.C. Gen. Stat. § 97-2(19) (2019) (“The term ‘medical compensation’ means medical,

surgical, hospital, nursing, and rehabilitative services . . . as may reasonably be

required to give effect a cure or give relief and for such additional time as, in the

judgment of the Commission, will tend to lessen the period of disability[.]”). We also

note the general principle that “the Workers’ Compensation Act requires liberal

construction to accomplish the legislative purpose of providing compensation for

injured employees, and [ ] this overarching purpose is not to be defeated by the overly

rigorous technical, narrow and strict interpretation of its provisions.” Gore v.

Myrtle/Mueller, 362 N.C. 27, 36, 653 S.E.2d 400, 406 (2007) (internal marks and

citation omitted).

 4 There is no dispute here that “(2) no ‘other compensation’ was paid[ ] and (3) the employer’s
liability has not otherwise been established under the Act.” Clark, 238 N.C. App. at 235-38, 767 S.E.2d
at 898-900 (explaining “other compensation” means the money allowance “made payable to the
plaintiff pursuant to the Worker’s Compensation Act”) (internal marks and citation omitted). Our
inquiry is singularly focused on when the last payment of medical compensation was made.
 Furthermore, Defendants acknowledge that Plaintiff’s 3 March 2015 medical treatment at the
dispensary qualified as medical compensation for purposes of N.C. Gen. Stat. § 97-24(a)(ii). And they
concede that they paid for her 25 April 2017 medical treatment at the dispensary, which is primarily
used by employees for workplace injuries. Given this concession, and as discussed below in greater
detail, Defendants are left to argue that the 25 April 2017 dispensary visit was unrelated to the 27
May 2014 injury to prevail in their jurisdictional argument.

 - 13 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 Consistent with these principles, this Court has held that employees whose

original diagnoses develop into different conditions are not time-barred from bringing

claims when their employers were providing medical treatment. See, e.g., Erickson

v. Siegler, 195 N.C. App. 513, 521-22, 672 S.E.2d 772, 778-79 (2009) (plaintiff’s claim

not time-barred where he was initially diagnosed with a lumbar spine injury

following an accident at work and over two years later filed a claim for a cervical

spine condition); see also Wyatt v. Haldex Hydraulics, 237 N.C. App. 599, 614, 768

S.E.2d 150, 160 (2014) (“[The plaintiff] suffers from a rare brain condition that is

notoriously difficult to properly diagnose given its symptoms, and we believe it would

defeat the purpose of the Act to deny him benefits because he was unable to fully

diagnose his condition himself within the two-year statute of limitations period.”).

 Relatedly, this Court has liberally interpreted “last payment of medical

compensation” when dealing with a similar provision in N.C. Gen. Stat. § 97-25.1,

which states:

 The right to medical compensation shall terminate two
 years after the employer’s last payment of medical or
 indemnity compensation unless, prior to the expiration of
 this period, . . . the employee files with the Commission an
 application for additional medical compensation which is
 thereafter approved by the Commission[.]

N.C. Gen. Stat. § 97.25.1 (2019). In Miller v. Carolinas Med. Ctr.-Northeast, the

plaintiff-employee and defendant-carrier/employer disagreed as to when the last

payment of medical compensation was made where the employer paid “an

 - 14 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

administrative intermediary” to schedule an appointment for the employee after she

experienced a flare-up of back pain related to her previous compensable injury. 233

N.C. App. 342, 352, 756 S.E.2d 54, 61 (2014) (almost two-year gap between original

injury and increased pain). Recognizing that “while every expense paid might not be

considered ‘medical compensation[,]’” we held that the service provided “was

necessary to ensure that [the p]laintiff received the treatment determined to be

appropriate by the Commission in order to ‘effect a cure or give relief for’ [the

p]laintiff’s compensable back injury.” Id.

 Here, the Full Commission concluded that Plaintiff’s 2014 claim was

jurisdictionally barred because Defendant-Employer “did not pay for medical

treatment beyond April 2015[,]” and Plaintiff did not file a claim within two years of

April 2015. Despite the substantial overlap between Plaintiff’s 2014–15 and 2017

medical treatment, discussed in greater detail below, the Full Commission did not

make findings or cite evidence in support of its assertion that Defendant’s payment

for medical treatment stopped in April 2015. Perhaps this finding and conclusion

were based on a “discontinuation note” placed in Plaintiff’s dispensary file by Mr.

Murray. He testified that, following her May 2014 injury, she came in for treatment

in June 2014 and then again in February and March 2015. When Plaintiff did not

return after the March 2015 visit, Mr. Murray put a “discontinuation note” in

Plaintiff’s file, which he does when “people don’t come back [for treatment].”

 - 15 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

 As noted above, we are not bound by the Full Commission’s jurisdictional

findings of fact and indeed are tasked with making our own “independent findings

. . . from [our] consideration of all the evidence in the record.” Capps, 214 N.C. App.

at 227, 715 S.E.2d at 229 (citation omitted). Based on that review and “the greater

weight of the evidence[,]” we find that the 25 April 2017 visit was related to Plaintiff’s

May 2014 injury. Id.

 Mr. Murray testified that Plaintiff returned to him in April 2017 for treatment

because “[s]he continued to have some back pain” and “she had also been treated for

plantar fasciitis for about a year and a half prior . . . and at some point . . . towards

the end of that treatment, the doctor . . . felt that maybe the pain she was having in

her feet was coming from her back[.]” He further testified that it was his

understanding that her back pain “had [ ] never gone away, and it had been gradually

worsening over the previous . . . period of time, a few weeks where it had become

painful as she was lifting tires[.]” In his note from that visit, Mr. Murray wrote,

“[P]laintiff is familiar with me for treatment of a previous episode of back pain about

2 years ago. She reports that her symptoms never completely went away.” (Emphasis

added.) Dr. Dave testified that when he first saw Plaintiff on 19 July 2017 for pain

management treatment, “her current presentation was chronic pain involving the

lower back for about three and a half years[.]” (Emphasis added.) And when Plaintiff

 - 16 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

went to Dr. Jones on 18 July 2017, she reported chronic back pain with an onset date

of 19 June 2014.

 Based on all the evidence in the record, Plaintiff’s return visit to Mr. Murray

on 25 April 2017—which he related back to his 2014–15 treatment of Plaintiff and

was paid for by Defendant-Employer—was related to her alleged 27 May 2014 injury.

Our holding is consistent with the general principle that the Worker’s Compensation

Act requires liberal construction, as it would be overly rigid and technical to hold that

a lapse in continuous care meant that subsequent treatment was unrelated to the

original injury. This is especially so where, as here, Plaintiff received treatment for

her feet with another doctor who opined that her symptoms were related to her low

back, and she clearly complained of pain that had “never gone away” since 2014. See

Erickson, 195 N.C. App. at 521, 672 S.E.2d at 778 (“Under [the] defendants’ approach,

an employee would be precluded from receiving compensation for not properly

diagnosing h[er] own injury and informing the defendant of that diagnosis.”). This

Court moreover has previously recognized that a flare-up of an old back injury can

not only occur but also require subsequent treatment—even where there has been a

lapse in continuous care. See, e.g., Miller, 233 N.C. App. at 343, 756 S.E.2d at 55-56.

Finally, to the extent that the Full Commission concluded it lacked jurisdiction based

on one physical therapist’s “discontinuation note”—which conflicts with the same

physical therapist’s testimony connecting his 2014–15 and 2017 treatment of

 - 17 -
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 Opinion of the Court

Plaintiff—that is the sort of “technical, narrow[,] and strict interpretation” of workers’

compensation provisions our case law warns against. Gore, 362 N.C. at 36, 653 S.E.2d

at 406.

 We therefore reverse the opinion and award of the Full Commission dismissing

Plaintiff’s 27 May 2014 claim as jurisdictionally barred.5

 IV. Conclusion

 For the above stated reasons, we hold that the Commission had jurisdiction

over Plaintiff’s 27 May 2014 claim because she filed within two years of the last

payment of medical compensation per N.C. Gen. Stat. § 97-24(a)(ii). We reverse the

opinion and award of the Full Commission and remand for a determination into the

merits of Plaintiff’s claim.

 REVERSED AND REMANDED.

 Judge HAMPSON concurs.

 Judge TYSON dissents by separate opinion.

 5 Though we hold Plaintiff’s claim is not jurisdictionally barred, we express no opinion as to
whether Plaintiff can or will succeed on the merits of her claim before the Commission, where she still
bears the burden of proving she suffered a compensable injury by accident on 27 May 2014. See Snead
v. Sandhurst Mills, Inc., 8 N.C. App. 447, 451, 174 S.E.2d 699, 702 (1970) (“A person claiming the
benefit of compensation has the burden of showing that the injury complained of resulted from [an]
accident.”); Whitfield v. Lab. Corp., 158 N.C. App. 341, 350, 581 S.E.2d 778, 785 (2003) (“To establish
the necessary causal relationship for the injury to be compensable under the Act, the evidence must
be such as to take the case out of the realm of conjecture and remote possibility.”) (citations omitted).
And if she suffered a compensable injury, the Commission must still determine whether she is entitled
to compensation or benefits.

 - 18 -
No. COA 19-909 – Cunningham v. Goodyear Tire & Rubber Co.

 TYSON, Judge, dissenting.

 The majority’s opinion ignores the standard of appellate review, reweighs the

evidence to substitute its preferred, but wholly unsupported, outcome, and reverses

the Commission’s opinion and award without any lawful basis. I respectfully dissent.

 I. Background

 Pursuant to the North Carolina Rules of Appellate Procedure, a record on

appeal is settled by agreement, opposing party’s approval, or by operation of rule or

court order after appellee’s objection or amendment. N.C. R. App. P. 18(d). Plaintiff

served its proposed record on appeal upon Defendants on 27 August 2019.

Defendants submitted timely objections and amendments to the proposed record on

appeal on 26 September 2019. The parties settled the record on appeal with this

Court on 11 October 2019, after Plaintiff agreed to incorporate Defendants’

amendments into the record on appeal.

 If any appellee timely serves amendments, objections, or a
 proposed alternative record on appeal, the record on appeal
 shall consist of each item that is either among those items
 required by Rule 9(a) to be in the record on appeal or that
 is requested by any party to the appeal and agreed upon
 for inclusion by all other parties to the appeal.

N.C. R. App. P. 11(c). The record shows Defendants properly and timely objected to

several proposed additions to the record. Plaintiff asserts the parties spoke and

determined to include some portions of material to which Defendants had objected.

Defendants responded saying they understood Plaintiff intended to file a supplement
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

to the printed record on appeal containing the parties’ briefs to the Full Commission.

Defendants were never served nor did they receive copies of Plaintiff’s proposed

supplements as required by the appellate rules and by precedent in N.C. R. App. P.

26(b).

 “Copies of all papers filed by any party and not required by these rules to be

served by the clerk shall, at or before the time of filing, be served on all other parties

to the appeal.” N.C. R. App. P. 26(b) (emphasis supplied). This Court’s docket sheet

contains entries, which show Plaintiff’s “supplements” were received by the Court on

18 October 2019. Defendants claim, as of 19 June 2020, they had not been served

copies of the supplements.

 Papers presented for filing shall contain an
 acknowledgment of service by the person served or proof of
 service in the form of a statement of the date and manner
 of service and of the names of the persons served, certified
 by the person who made service. Proof of service shall
 appear on or be affixed to the papers filed. (emphasis
 supplied).

N.C. R. App. P. 26(d). “Appellant bears burden of seeing that record on appeal is

properly settled and filed with appellate court.” McLeod v. Faust, 92 N.C. App. 370,

374 S.E.2d 417 (1988).

 On 11 October 2019, the parties’ agreed upon and settled record on appeal was

filed with this Court. On 18 October 2019, Plaintiff submitted her supplemental

documents. Defendants assert they are unable to access the electronic links Plaintiff

 -2-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

provided. Defendants received an email with instructions to view the 11 October

2019 record on appeal. Defendants received two emails with instructions to view the

18 October supplemental records. The supplemental records do not appear in the

North Carolina Appellate Courts eFiling Site, and there are no 18 October 2019

entries.

 N.C. R. App. P. 18(d)(3) instructs Defendants to seek an administrative

tribunal within ten-days for failure of a party to file or serve properly. Plaintiff failed

to comply with the mandatory procedure for amending the record on appeal and to

give notice of the supplemental record to Defendants. N.C. R. App. P. 26(d).

Defendants cannot timely respond if not properly notified.

 Defendants’ motion to strike is properly granted and the supplemental record

stricken for Plaintiff’s failure to follow the rules and procedures.

 II. Standard of Review

 This Court’s proper standard of review of the Industrial Commission’s order

and award is long established. See N.C. Gen. Stat. §§ 97-18(j), 97-86 (2019). “When

considering an appeal from the Commission, our Court is limited to two questions:

(1) whether competent evidence exists to support the Commission’s findings of fact,

and (2) whether the Commission’s findings of fact justify its conclusions of law and

decision.” Simmons v. Columbus Cty. Bd. of Educ., 171 N.C. App. 725, 727-28, 615

S.E.2d 69, 72 (2005) (citations and internal quotations omitted); see also Holt v. N.C.

 -3-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

DOT, 245 N.C. App. 167, 174-175, 781 S.E.2d 697, 703 (2016). “The North Carolina

Industrial Commission’s . . . conclusions of law must be justified by its findings of

fact and its findings of fact must be supported by competent evidence.” See Lauziere

v. Stanley Martin Communities, LLC, ___ N.C. App. ___, 844 S.E.2d 9, 11 (2020).

(lack of competent evidence in the finding of facts showed plaintiff was unable to carry

her burden).

 A. Competent Evidence

 The right to compensation under this Article shall be
 forever barred unless (i) a claim or memorandum of
 agreement as provided in G.S. 97-82 is filed with the
 Commission or the employee is paid compensation as
 provided under this Article within two years after the
 accident or (ii) a claim or memorandum of agreement as
 provided in G.S. 97-82 is filed with the Commission within
 two years after the last payment of medical compensation
 when no other compensation has been paid and when the
 employer’s liability has not otherwise been established
 under this Article. (emphasis supplied).

N.C. Gen. Stat. § 97-24 (2019). The Full Commission (“Commission”) is divested of

jurisdiction if Plaintiff fails to establish and prove a claim under either prong (i) or

(ii) of § 97-24.

 The record contains competent evidence to show Plaintiff failed to meet the

jurisdictional timelines of either prong in N.C. Gen. Stat. § 97-24. The Commission

properly dismissed Plaintiff’s 27 May 2014 claim for lack of jurisdiction.

 1. N.C. Gen. Stat. § 97-24 (i)

 -4-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

 “The right to compensation . . . shall be forever barred unless . . . (i) a claim or

memorandum of agreement as provided in G.S. 97-82 is filed with the Commission or

the employee is paid compensation as provided under this Article within two years

after the accident.” N.C. Gen. Stat. § 97-24(a)(i) (emphasis supplied).

 Plaintiff experienced a prior work injury in 2011 and was familiar with the

procedure to report an accident. Plaintiff was allegedly injured at work on 27 May

2014 and began receiving treatment. N.C. Gen. Stat. § 97-24(a)(i) and the

Commission’s rules and procedures require Plaintiff to file Forms 18 and 19 to report

a work accident within two years.

 Plaintiff failed to file the forms for the 27 May 2014 injury until 19 May 2017.

Three years lapsed from the alleged accident causing injury until Plaintiff’s filing of

the required forms despite multiple attempts by the insurance carrier to contact her.

The record shows competent evidence that Plaintiff failed to file a claim and failed to

satisfy prong (i).

 2. N.C. Gen. Stat. § 97-24 (ii)

 “The right to compensation . . . shall be forever barred unless . . . (ii) a claim or

memorandum of agreement . . . is filed with the Commission within two years after

the last payment of medical compensation when no other compensation has been paid

and when the employer’s liability has not otherwise been established under this

Article.” N.C. Gen. Stat. § 97-24(a)(ii) (emphasis supplied). The Commission resolved

 -5-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

a factual issue by finding the last payment of medical compensation was paid April

2015.

 Competent evidence in the record shows Plaintiff’s final medical treatment

regarding the 27 May 2014 injury occurred on 3 March 2015, and the final payment

of medical compensation for that 2014 injury was made April 2015. Plaintiff did not

return to seek any further medical treatment from Defendant-Employer’s dispensary

until 25 April 2017 when Plaintiff complained to the physical therapist (“Mr.

Murray”) of continuing chronic back pain and plantar fasciitis.

 Plaintiff told Mr. Murray that there was no precipitating event to her current

back pain. Defendant-Employer’s registered nurse (“Ms. Avant”), asked Plaintiff

what had caused her pain at that time. Plaintiff gave conflicting information and

related her pain back to her 2011 injuries “on the 1300 row.” Plaintiff’ asserts the 25

April 2017 appointment should be considered as the most recent medical treatment

for her 27 May 2014 injury. This factual issue was resolved by the Commission.

 On 28 April 2017, Plaintiff attempted to seek treatment for the alleged 2011

or 2014 injuries. Ms. Avant notified Plaintiff due to expiration of the two-year statute

of limitations she would have to pay for treatment under her own insurance. While

a conflict in testimony may exist, the Commission gave more weight to Mr. Murray’s

and Ms. Avant’s credibility and testimonies than to Plaintiff.

 This Court has held, “when the matter is appealed to the [F]ull Commission

 -6-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

. . . it is the duty and responsibility of the [F]ull Commission to decide all of the

matters in controversy between the parties.” Abernathy v. Sandoz Chems./Clariant

Corp., 151 N.C. App. 252, 256, 565 S.E.2d 218, 221 (2002) (citations and internal

quotations omitted).

 The last payment was made in April 2015. Plaintiff did not seek any further

medical treatment for her alleged 27 May 2014 injury until April 2017. The

Commissioner found “as fact that Plaintiff did not file a claim or memorandum of

agreement as provided in N.C. Gen. Stat. § 97-82 with the Commission within two (2)

years after the last payment of medical compensation.”

 Plaintiff bears the burden of proving each and every element of compensability.

She failed to show she received ongoing medical treatment for her alleged 27 May

2014 back injury and timely filed her claim within the two-year jurisdictional limit.

The Commission’s finding of fact is supported by competent evidence that more than

two years had passed since the last medical payment was made. Plaintiff fails to

assert a claim under prong (ii) of N.C. Gen. Stat. § 97-24(a).

 B. Facts Justify Conclusion

 The Commission found Defendants presented competent evidence to show

Plaintiff failed to timely appeal a claim under either (i) and (ii) of N.C. Gen. Stat. §

97-24(a). Our standard of review of the Commission’s opinion and award requires

the finding of facts to support and justify the conclusion of law. Simmons v. Columbus

 -7-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

Cty. Bd. Of Educ., 171 N.C. App. 725, 727-28, 615 S.E.2d 69, 72 (2005).

 C. Undisputed Facts

 Competent evidence in the record and the Commission’s finding of fact show

Plaintiff was injured 27 May 2014 and began receiving treatment from her employer.

Plaintiff failed to provide or file Forms 18 and 19 in accordance with N.C. Gen. Stat.

§ 97-24. Plaintiff also failed to respond to the three attempts by the carrier to reach

her to investigate Plaintiff’s injury. The evidence shows Plaintiff stopped receiving

treatment for the May 2014 injury on 3 March 2015. Final compensation for medical

treatment for Plaintiff’s 2014 injury occurred in April 2015. Plaintiff did not return

to Defendant-Employer’s dispensary until 25 April 2017.

 At that time, Plaintiff told Mr. Murray there was “no precipitating event to her

current, chronic back pain.” Plaintiff offered contrary testimony to Ms. Avant and

claimed her back pain had persisted for the prior two years. Plaintiff told Ms. Avant

her pain was related to her 2011 injury at a wholly different work area from where

the 2014 injury occurred.

 Dr. Gurvinder Deol, evaluated Plaintiff on 29 March 2018. Plaintiff told Dr.

Deol she had hurt her back in 2011, reinjured it in 2014, and again in 2017. Dr. Deol

opined Plaintiff’s complaints of pain were not related to her employment and were

more likely from typical wear and tear upon the body. Upon reviewing Plaintiff’s

MRI, Dr. Deol and Dr. Nailesh Dave noted mild findings, but nothing “horrible.”

 -8-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

Further, Dr. Deol’s review of Plaintiff’s diagnostic imaging revealed minimal

degenerative changes, but he noted the Plaintiff’s back was objectively in better

condition than the average person in their mid-fifties.

 Plaintiff failed to file the appropriate form for her 27 May 2014 injury until 19

May 2017. This filing occurred nearly three years after the original injury, and 25

months after the final medical payment. The Commission’s finding of facts are

supported by competent evidence, and those findings justify the conclusion Plaintiff

failed to abide by the statutory requirements to timely file a claim to receive further

compensation for her 2014 injury.

 III. Conclusion

 The majority’s opinion exceeds its lawful scope of appellate review, reweighs

the evidence and credibility of the testimony as finders of fact, to reverse the

Commission’s opinion and award. “As long as there is competent evidence in support

of the Commission’s decision, it does not matter that there is evidence supporting a

contrary finding. The court’s duty goes no further than to determine whether the

record contains any evidence tending to support the finding.” Simmons, 171 N.C. App.

at 728, 615 S.E.2d at 72 (citations omitted). Competent evidence supports the

Commission’s finding and conclusion to bar Plaintiff’s claim.

 The Commission’s conclusion that Plaintiff’s claim is barred under either prong

of N.C. Gen. Stat. § 97-24 is supported by findings of fact, which are based upon

 -9-
 CUNNINGHAM V. GOODYEAR TIRE & RUBBER CO.

 TYSON, J. dissenting

competent evidence. Defendants’ motion to strike Plaintiff’s supplemental

documents is properly allowed. The Commission’s opinion and award is properly

affirmed. I respectfully dissent.

 - 10 -